FILED
03 FEB 14 PM 3:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CHAOS HOLDINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-02-S-405-NE |
| ) | |
| CITIZEN WATCH CO., LTD., ) | |
| ) | |
| Defendant. ) | |

**ENTERED**
FEB 14 2003
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**MEMORANDUM OPINION**

Plaintiff, Chaos Holdings, Inc., a Delaware corporation with its principal place of business in Madison, Alabama, asserts claims of fraud in the inducement, fraud, and misrepresentation against defendant Citizen Watch Co., Ltd., a Japanese corporation.[1] The action is before the court on defendant's motion to dismiss based upon a forum-selection clause contained in a contract between the parties, designating a court of competent jurisdiction in Tokyo, Japan as the forum for resolving disputes arising from the contractual relationship. Upon review of the complaint and the submissions of the parties, the court concludes that the motion is due to be granted.

**I. STANDARD OF REVIEW**

Attached as Exhibit A to defendant's brief in support of its motion to dismiss is a copy of the agreement between Citizen Watch Co., Ltd. and Chaos Holdings, Inc. If matters outside the pleadings are presented to and considered by the court when ruling upon a Rule 12(b)(6) motion to dismiss, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent

---

[1] Doc. no. 1 (Complaint) ¶¶ 1 & 2; Brief in Support of Defendant's Motion to Dismiss Plaintiff's Complaint, ex. A. Although the complaint alleges that plaintiff's principal place of business is in Madison, Alabama, it should be observed that plaintiff's principal place of business is recorded as Manhattan Beach, California, in the agreement that is central to this action.



to such a motion by Rule 56." Rule 12(b), Fed. R. Civ. P.; *see also, e.g., Arnold v. United States Postal Service*, 649 F. Supp. 676, 678 (D. D.C. 1986) (Richey, J.). This allows the court's inquiry to be fact specific and allows the nonmovant to demonstrate the existence of any genuine issues of material fact.

As the Eleventh Circuit noted in *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999), however, "the usual rules for considering 12(b)(6) motions are . . . bent" in three circumstances. The exception relevant here occurs when a plaintiff *refers to* certain documents in the complaint, and those documents are central to the plaintiff's claim. In such a case,

> the Court may consider the documents [as] part of the pleadings for purposes of Rule 12(b)(6) dismissal, *and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment. Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). . . .

*Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis added). Nonetheless, the contents of such documents must not be in dispute. *Harris*, 182 F.2d at 802 n.2 ("[A] document central to the complaint that the defense appends to its motion to dismiss is also properly considered, *provided that its contents are not in dispute*.") (emphasis added).

Plaintiff's complaint contains the following statement: "[p]rior to and after entering into the agreement to manufacture the watches, Defendants,[2] through their agents, presented [sic] to Chaos that the watches would meet certain exacting design, manufacturing[,] and quality specifications, and would be delivered by a specified date."[3]

Although the court initially indicated that defendant's motion to dismiss would be treated as

---

[2] Citizen Watch Company of America, Inc., was dismissed as a defendant on April 22, 2002. *See* doc. no. 12.
[3] Doc. no. 1 (Complaint) ¶ 45 (emphasis supplied).

2

one for summary judgment,[4] upon further reflection, the court concludes that plaintiff's reference to its agreement with defendant permits the court to consider the agreement itself, without converting defendant's motion to one for summary judgment, especially when there is no dispute between the parties as to its terms. The fact that a copy of the agreement is appended to defendant's *brief*, rather than its *motion* to dismiss, is, in the opinion of this court, a distinction without a difference. Moreover, the Eleventh Circuit has held that motions to dismiss based on choice-of-forum and choice-of-law clauses "are properly brought pursuant to Fed. R. Civ. P. 12(b)(3) as motions to dismiss for improper venue." *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998).

## II. FACTUAL BACKGROUND

Plaintiff, a fashion watch marketing company, initiated negotiations with defendant, a watch manufacturer, during April of 1999, for the production of approximately seventy styles of watches to be marketed by plaintiff under the "CHAOS" brand name.[5] The parties memorialized their agreement on July 26, 1999, and it contained the following provision:

> 16.  Jurisdiction
>
> All disputes, controversies, or differences which may arise between the parties hereto, out of or in relation to or in connection with this Agreement, shall be amicably settled upon consultation between the parties hereto, but in case of failure to make an amicable settlement, the matter *shall be finally determined by the competent court in Tokyo, Japan if Buyer* [Chaos Holdings] *initiates the proceeding against Seller* [Citizen Watch] *and in* _____[6] *if Seller initiates the proceeding against Buyer.* In case a legal proceeding is started by either party pursuant to this Agreement, the other party may raise any counter claims in the

---

[4]*See* doc. no. 17 (Order entered May 16, 2002, informing parties of the court's intention to convert defendant's motion to dismiss into one for summary judgment); *see also, e.g., Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 605 (11th Cir. 1985); *Milburn v. United States*, 734 F.2d 762, 766 (11th Cir. 1984).

[5]*Id.* ¶ 8.

[6]This blank space was not completed.

3

proceeding to the extent allowable under the applicable laws.[7]

Plaintiff provided defendant with specifications for the watches, including color, size, and materials to be used. Defendant assured plaintiff that the watches would conform to the specifications, and that they would be delivered in time for plaintiff to supply its retail customers for the 2000 spring/summer sales season. Plaintiff accordingly embarked on an advertising campaign.

Defendant delivered the watches to plaintiff during March of 2000, but plaintiff was dissatisfied with the quality. Plaintiff returned the watches to defendant for replacement, and was unable to fill retail orders. The replacement watches were not delivered on time, and when they eventually were delivered, plaintiff again found them to be defective. Defendant agreed to replace those watches and did so, but yet again, plaintiff found them to be defective. Following that unfortunate chain of events, the business relationship between plaintiff and defendant ceased to be charming. Plaintiff filed this action on February 14, 2002.

### III. DISCUSSION

Defendant contends that this action should be dismissed because the parties agreed that any suit commenced by the plaintiff against the defendant would be brought in a court in Tokyo, Japan. Plaintiff argues that the forum-selection clause should not be enforced because the agreement was induced by fraud.

**A.    Enforcement of Forum-Selection Clauses**

Forum-selection clauses in international agreements "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 1916, 32 L.

---

[7]Brief in Support of Defendant's Motion to Dismiss Plaintiff's Complaint, ex. A.

4

Ed. 2d 513 (1972). "[I]n the light of present-day commercial realities and expanding international trade we conclude that the forum clause should control absent a *strong showing* that it should be set aside." *Id.* (emphasis supplied).

> In giving content to *Bremen's* "strong showing" standard for invalidating international choice-of-forum clauses, courts have announced that those provisions will be found "unreasonable under the circumstances," *Bremen*, 407 U.S. at 10, 92 S. Ct at 1913 (internal quotations omitted), and thus enforceable only when: (1) their formulation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the provisions would contravene a strong public policy.

*Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1292 (11th Cir. 1998) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594-95, 111 S. Ct. 1522, 1528, 113 L. Ed. 2d 622 (1991); *The Bremen*, 407 U.S. at 15-18, 92 S. Ct. at 1916-17; *Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir.), *cert. denied*, 510 U.S. 945, 114 S. Ct. 385, 126 L. Ed. 2d 333 (1993)).

The Supreme Court reaffirmed its view that forum-selection clauses contained in international agreements generally should be enforced in *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 94 S. Ct. 2449, 41 L. Ed. 2d 270 (1974), stating that "[a] contractual provision specifying in advance the forum in which disputes shall be litigated and the law to be applied is, therefore, an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction." *Id.* at 516, 94 S. Ct. at 2455. As the Eleventh Circuit observed in *Lipcon*,

> [u]nderlying the Supreme Court's conclusion in *Bremen* and *Scherk* were two main concerns: (1) ensuring "the orderliness and predictability [that are] essential to any international business transaction," *Scherk*, 417 U.S. at 516, 94 S. Ct. at 2455; *see Bremen*, 407 U.S. at 15, 92 S. Ct. at 1916 (stating importance of "present-day commercial realities and expanding international trade"), and (2) furthering

5

international comity, *see Scherk*, 417 U.S. at 516, 94 S. Ct. at 2456 (condemning "parochial refusal[s] by the courts of one country to enforce . . . international agreement[s]"); *Bremen*, 407 U.S. at 9, 92 S. Ct. at 1913 ("We cannot have trade and commerce in world markets and international waters exclusively on our terms, governed by our laws, and resolved in our courts."). *See also Mitsubishi*, 473 U.S. at 629, 105 S. Ct. at 3355 (relying on "concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes. . . .").

*Lipcon*, 148 F.3d at 1294. The international character of the agreement between plaintiff and defendant is unquestionable. Plaintiff is an American corporation, defendant is a Japanese corporation, and the agreement provided for the production of watches in Japan, to be delivered in the United States.

**B.      Fraud and Overreaching**

Plaintiff contends that forum-selection clauses should not be enforced where, as here, there are allegations that *the entire agreement* was fraudulently induced.[8] The gist of plaintiff's complaint is that it was fraudulently induced to enter into a contractual relationship with defendant, because defendant made representations that it never intended to honor. Plaintiff's contention is without merit.

The Supreme Court clarified one aspect of the *Bremen* test in *Scherk*, holding that a party resisting the application of a forum-selection clause on the basis of fraud must focus upon the inclusion of the clause itself, and not the contract generally.

> In *The Bremen* we noted that forum-selection clauses "should be given full effect" when "a freely negotiated private international agreement [is] unaffected by fraud. . . ." This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the

---

[8]Doc. no. 16 (Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint), at unnumbered page 4 (citing *Hoffman v. Minuteman Press International*, 747 F. Supp. 552, 557 (W.D. Mo. 1990)).

product of fraud or coercion.

*Scherk*, 417 U.S. at 519 n.14, 94 S. Ct. at 2457 n.14 (emphasis in original) (internal citations omitted). Thus, the plaintiff is required "specifically to allege that the choice clause itself was included in the contract due to fraud in order to succeed in a claim that the choice clause is unenforceable, [so that] courts may ensure that more general claims of fraud will be litigated *in the chosen forum*, in accordance with the contractual expectations of the parties." *Lipcon*, 148 F.3d at 1296 (emphasis in original). As another district court in this circuit has observed in similar circumstances:

> Plaintiffs allege fraud in the inducement. This type of fraud attacks the underlying transaction as having been deceitful. It does not attack the language of the contract itself. This is to be distinguished from fraud *in factum* in which a party is tricked into assenting without understanding the significance of his action. Plaintiffs are not arguing that they did not understand what the contract itself stated. They are alleging only that Defendant made various misrepresentations as to profitability, services to be provided, and the general viability of the . . . franchise.

*Picken v. Minuteman Press International, Inc.*, 854 F. Supp. 909, 911 (N.D. Ga. 1993). In like manner, the complaint in this case does not allege that defendant fraudulently procured plaintiff's consent to the forum-selection clause.

### C. Inconvenience or Unfairness of Chosen Forum

The Supreme Court has stated that a plaintiff seeking to avoid enforcement of a forum-selection clause must

> show that trial in the contractual forum will be so gravely difficult and inconvenient that [it] will for all practical purposes be deprived of [its] day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.

*Bremen*, 407 U.S. at 18, 92 S. Ct. at 1917. Plaintiff argues that, because it has instituted bankruptcy

7

proceedings, "litigating a case in Japan would be oppressively burdensome and cost prohibitive."[9] The court finds that this conclusory statement fails to demonstrate that enforcing the forum-selection clause would be unfair. There has been no showing that plaintiff, or the Trustee of its bankrupt estate, would be unable to retain Japanese counsel to pursue plaintiff's claims for the benefit of its creditors. Accordingly, the court cannot conclude that plaintiff would be deprived of its "day in court" if the forum-selection clause were enforced.

Plaintiff has not argued the remaining *Bremen* factors — *i.e.*, that it would be deprived of a remedy if the action proceeded in a Japanese court, or that the enforcement of the forum-selection clause would contravene a strong public policy. Accordingly, the court is persuaded that the forum-selection clause, requiring all claims asserted by plaintiff to be brought in a court of competent jurisdiction in Tokyo, Japan, should be enforced.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is due to be granted. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 14th day of February, 2003.

United States District Judge

---

[9] *Id.* at unnumbered page 6.